1  James C. Fedalen (SBN 89184)
     Jfedalen@hfl-lawyers.com
2  Angela P. Lin (SBN 227715)
     Alin@hfl-lawyers.com
3  HUANG, FEDALEN & LIN, LLP
   16633 Ventura Boulevard, Suite 1420
4  Encino, California 91436
   T:(818) 377-9000
5  F: (818) 377-9001

6  *Attorneys for Fortune Dynamic, Inc.*

7

```
            FILED
CLERK, U.S. DISTRICT COURT

      APR 18 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10
   FORTUNE DYNAMIC, INC., a          ) CASE NO.: **CV13-02734-DMG**
11 California corporation,            )                        (JEMx)
                                      )
12            Plaintiff,             ) **COMPLAINT FOR:**
                                      ) **(1) CYBERSQUATTING**
13 v.                                 ) **(2) FEDERAL TRADEMARK**
                                      )     **INFRINGEMENT**
14 PROTECTSERVICE, LTD., a           ) **(3) FEDERAL UNFAIR**
   corporation; and EVOPLUS, LTD., a )     **COMPETITION**
15 corporation, THE PLANET.COM        ) **(4) COMMON LAW TRADEMARK**
   INTERNET SERVICES, INC., a        )     **INFRINGEMENT**
16 corporation; and HOSTGATOR.COM,    ) **(5) FEDERAL TRADEMARK**
   LLC, a limited liability company;  )     **DILUTION**
17                                    )
                                      )
18            Defendants.            ) **JURY TRIAL DEMANDED**
                                      )

19
20         Comes Now Plaintiff Fortune Dynamic, Inc. ("Plaintiff" or "Fortune") for its
21 claims against Defendants ProtectService, Ltd., EvoPlus, Ltd., The Planet.com
22 Internet Services, Inc., and HostGator.com, LLC (hereinafter collectively
   "Defendants"), and hereby alleges:
23
                              **NATURE OF THE CASE**
24
25         1.     This action arose out of Defendants' unauthorized use of Fortune's
26 federally registered trademark and logo "SODA" in commerce in connection with the
27 World Wide Web domain name of www.sodashoes.org (hereinafter "Infringing
28 Domain") in violation of the Anticybersquatting Consumer Protection Act of 1999
   ("ACPA"), which is embodied in the Lanham Act at *15 U.S.C. § 1125(d)*. Defendants

1   have registered and used, and continue to use the Infringing Domain to sell shoes,
2   including shoes produced and sold by Fortune under the SODA® trademark.
3   Defendants' intent was to trade, capitalize on and profit from Fortune's long
4   established reputation and goodwill associated with the SODA® trademark and
5   Fortune's website (www.sodashoes.com) by causing confusion, mistake or deception
6   of the consuming public as to the sponsorship and approval of the Infringing Domain
7   (www.sodashoes.org), in direct violation of Sections 32(1), 43(a), 43(c) and 43(d) of
8   the Lanham Act. *See 15 U.S.C. §§ 1114(1)* [trademark infringement], *1125(a)* [unfair
9   competition], *1125(c)* [dilution] and *1125(d)* [cybersquatting].   For such unlawful
10   acts of Defendants, Fortune seeks injunctive relief and damages under the Lanham
11   Act.

12                                    **THE PARTIES**

13       2.     Fortune is a corporation organized and existing under the laws of the
14   State of California, being a citizen of California and having its principal place of
15   business in the City of Industry, California.

16       3.     Upon information and belief, Defendant ProtectService, Ltd., is a
17   corporation organized and existing under the laws of the United Kingdom, being a
18   citizen of Great Britain and having its principal place of business in London, England.

19       4.     Upon information and belief, Defendant EvoPlus, Ltd., is a corporation
20   organized and existing under the laws of Canada, being a citizen of Montreal and
21   having its principal place of business in Montreal, Canada.

22       5.     Upon information and belief, Defendant The Planet.com Internet
23   Services, Inc. (hereinafter "Planet.com") is corporation organized and existing under
24   the laws of the State of Texas, being a citizen of Texas and having its principal place
25   of business in Houston, Texas.

26       6.     Upon information and belief, Defendant HostingGator.com, LLC
27   (hereinafter "HostingGator") is a limited liability company organized and existing
28   under the laws of the State of Texas, being a citizen of Texas, and having its principal

1 | place of business in Houston, Texas.

2 | **JURISDICTION AND VENUE**

3 |     7.    This Court has original subject matter jurisdiction over this action under

4 | *15 U.S.C. §1121* and *28 U.S.C. §§1331* and *1338* because it involves substantial

5 | claims arising under the Lanham Act.

6 |     8.    Additionally, this Court has subject matter jurisdiction over this matter

7 | because (1) Defendants EvoPlus and ProtectService are foreign entities with no

8 | offices in the United States (*28 U.S.C. § 1332(a)(2)*); (2) Defendants Planet.com and

9 | HostGator.com are citizens of the States of Texas (*28 U.S.C. § 1332(a)(1)*); and

10 | damages in this matter are likely to exceed $75,000.00. *28 U.S.C. § 1332(a)*.

11 |     9.    This Court has personal jurisdiction over the Defendants named herein

12 | by virtue of the fact, that, upon information and belief: (1) Defendants regularly

13 | solicit and do business in California; (2) a substantial part of the events or omissions

14 | giving rise to these claims, and their direct and intended effect, occurred in the

15 | Central District of California; (3) the Defendants have committed tortious acts within

16 | this state, and within this judicial district, by committing intentional acts of

17 | infringement and unfair competition directed to and at Fortune herein; (4) the

18 | Defendants have intentionally and in bad faith directed its infringing activities and

19 | its acts of unfair competition at Fortune, whom at all times relevant herein, said

20 | Defendants knew would be harmed at Plaintiff's primary place of business in City of

21 | Industry, California; and (5) by doing the things alleged herein, the Defendants have

22 | intentionally inserted themselves, and caused the damages alleged herein, within this

23 | jurisdiction.

24 |     10.    Venue is proper in this district pursuant to *28 U.S.C. § 1391(b)(2)*

25 | because a substantial part of the events giving rise to this claim and the harm to

26 | Plaintiff occurred in this district by reason of Defendants' conduct as alleged below.

27 | **FACTS COMMON TO ALL CAUSES OF ACTION**

28 |     11.    Fortune is, and has been since 1987, a designer, producer and seller of

ladies and children's shoes.  In 1991, Fortune commenced production and sale of a junior fashion shoe line under the trademark "SODA," which Plaintiff created (hereinafter referred to as "SODA® Products").

12.     Fortune is the owner of U.S. Trademark Registration No. 2,331,057, which issued on March 21, 2000, for the word "SODA" (the "SODA® Trademark"), which registration has obtained incontestable status under the provisions of *15 U.S.C. § 1065*.  Fortune also owns additional U.S. trademark registrations, including, but not limited to, U.S. Trademark Registration No. 3,531,885, which issued on November 11, 2008, for a stylized presentation of the SODA® Trademark ("Stylized SODA® Trademark").   The SODA® Trademark and the Stylized SODA® Trademark (hereinafter collectively "SODA® Trademarks") are depicted below :

**SODA**                                 

SODA® Trademark                 Stylized SODA® Trademark

(Reg. No. 2,331,057)              (Reg. No. 3,531,885)

True and correct copies of each of the registrations are attached hereto as Exhibits "A" and "B."

13.     At all times after their issuance, the SODA® Trademarks were, and still are, unchallenged and valid marks that are associated with Fortune and exclusively identify Fortune's SODA® Products to consumers.

14.     At all times since 1991, Fortune has used the SODA® Trademark continuously and exclusively on the SODA® Products and has sold many millions of SODA® Products.

15.     By reason of Fortune's many years of continuous and exclusive use of the SODA® Trademarks, and by Fortune expending substantial amounts of time, effort, and money on advertising, marketing and promoting these trademarks in nationally circulated magazines, printed advertisements, trade shows and the Internet,

1  Fortune has built incalculable goodwill and value in the SODA® Trademarks which
2  have become well known to the relevant consuming public as a distinctive indication
3  of origin of Fortune's SODA® Products, and accordingly are famous marks entitled
4  to a broad ambit of protection against infringing uses.

5      16.    Fortune has also since 2000, maintained a presence on the Internet
6  through its website www.sodashoes.com (hereafter the "SODA® Website").  The
7  SODA® Website exclusively features and advertises Fortune's SODA® Products.

8      17.    Fortune's SODA® Trademarks acquired such famousness and
9  distinctiveness years before Defendants's registration and use of the Infringing
10 Domain (www.sodashoes.org) in 2012.

11     18.    Defendants have registered and currently control and use the World
12 Wide Web domain name of www.sodashoes.org, a name that contains Fortune's
13 famous and distinctive SODA® Trademark (hereafter referred to as the "Infringing
14 Domain").

15     19.    The registration and use of the Infringing Domain (www.sodashoes.org)
16 by Defendants in connection with their advertising and sale of Fortune's SODA®
17 Products was done intentionally and in bad faith with the intent to cause initial
18 interest confusion and to profit from Fortune's SODA® Trademark as further alleged,
19 upon information and belief, below:

20         a.    Defendants were aware of the existence of not only the SODA®
21 Trademarks but also the SODA® Website (www.sodashoes.com) when it registered
22 and began using the Infringing Domain (www.sodashoes.org).

23         b.    The Infringing Domain (www.sodashoes.org) is not only
24 confusingly similar to Fortune's SODA® Trademark, but is identical to Fortune's
25 SODA® Website (www.sodashoes.com), except that Fortune's domain name ends in
26 ".com" and Defendants' domain name ends in ".org";

27         c.    Defendants are using the Infringing Domain (www.sodashoes.org)
28 to divert consumers from Fortune's SODA® Website (www.sodashoes.com) to

1 Defendants' domain name, which purports to sell SODA® Products and has photos
2 of what purports to be SODA® Products, for Defendants' commercial gain by
3 confusing or deceiving the consuming public into believing that the Infringing
4 Domain (www.sodashoes.org) is sponsored, affiliated or endorsed by Fortune.

        d.    Defendants are using the Infringing Domain (www.sodashoes.org)
6 to give the false impression that Defendants are affiliated with Fortune and/or the sale
7 of SODA® Products through the Infringing Domain (www.sodashoes.org) is
8 authorized, sponsored or somehow endorsed by Fortune.

        e.    To reinforce and perpetuate the false impression as to the potential
10 affiliation, sponsorship, or endorsement between the Infringing Domain
11 (www.sodashoes.org) and Fortune, Defendants have falsely identified themselves as
12 a "direct" purchaser and "authorized and authentic distributor[]" of Fortune's
13 SODA® Products. A screenshot of the Infringing Domain's (www.sodashoes.org)
14 "More information" page is attached hereto as Exhibit "C."

        20.    Upon information and belief, Defendants have never had any genuine
16 belief, nor any reasonable basis to believe, that the registration and use of the
17 Infringing Domain (www.sodashoes.org) was a "fair use or otherwise lawful"
18 because: (1) Defendants have no trademark or other intellectual property rights in the
19 Infringing Domain (www.sodashoes.org); (2) the Infringing Domain
20 (www.sodashoes.org) is not the legal name of the Defendants or otherwise commonly
21 used to identify Defendants; (3) the Infringing Domain does not contain a modifier
22 that implies that the domain name is not an official or authorized website of SODA®
23 Products; (4) Defendants are not, and have never been, a customer or authorized
24 retailer of Fortune; and (5) Defendants are not affiliated, sponsored or associated with
25 Fortune and have not been authorized by Fortune to use the SODA® Trademark or
26 to register any domain name that includes Fortune's SODA® Trademark.

        21.    Defendants' diversion of traffic from Fortune's SODA® Website
28 (www.sodashoes.com) to Defendants' Infringing Domain (www.sodashoes.org) has

1  harmed and continues to harm Fortune's ability to generate business and keep
2  customers by causing Fortune's customers and potential customers to believe that
3  Fortune's SODA® Website (www.sodashoes.com) is no longer available.

4      22.   By reason of Defendants' actual knowledge of Fortune's ownership of
5  the SODA® Trademarks, the SODA® website, and of the reputation and goodwill
6  associated therewith, and by reason of Defendants' continued use of the SODA®
7  Trademarks in connection with the Infringing Domain (www.sodashoes.org) despite
8  repeated written demands from Fortune to cease and desist from such conduct,
9  Defendants' continued use of the Infringing Domain (www.sodashoes.org) was
10  willful and was with deliberate intent to trade or capitalize on, and benefit from, the
11  fame, reputation and goodwill associated with Fortune's SODA® Trademarks,
12  SODA® Website and SODA® Products by confusing or deceiving the consuming
13  public into believing that the Infringing Domain (www.sodashoes.org) is sponsored,
14  affiliated or endorsed by Fortune.

15              **FIRST CAUSE OF ACTION**

16      [Cybersquatting under the Anti-Cybersquatting Consumer Protection Act
17              *15 U.S.C.§ 1125(d)*]

18      23.   Fortune incorporates herein by reference the allegations set forth in
19  paragraphs 1 through 22, inclusive, above, as if they are fully set forth herein.

20      24.   By engaging in the unauthorized acts alleged in paragraphs 18-19 and
21  21-22, above, Defendants' actions constitutes unlawful cybersquatting in violation
22  of *15 U.S.C. § 1125(d)(1)(A)*, which prohibits the registration, trafficking in or use
23  of a domain name that is identical or confusingly similar to a federally registered
24  mark that is distinctive at the time of registration of said domain name by any person
25  with a bad faith intent to profit from said mark.

26      25.   For any of the foregoing violations of *15 U.S.C. § 1125(d)*, Fortune's
27  remedy at law is not adequate to compensate it for the injuries inflicted by
28  Defendants. Accordingly Fortune is entitled to preliminary and permanent injunctive

1  relief pursuant to *15 U.S.C. §1116.*

2      26.   As a direct and proximate result of Defendants' cybersquatting, if
3  Defendants are not enjoined and restrained from its use and promotion of the
4  Infringing Domain (www.sodashoes.org), Fortune and its goodwill and reputation
5  will continue to suffer immediate, substantial and irreparable injury that cannot be
6  adequately calculated and wholly compensated by monetary damages.  Fortune
7  therefore, under *15 U.S.C. § 1125(d)(1)(C)* seeks an injunction ordering Defendants
8  and its registrar to transfer the Infringing Domain (www.sodashoes.org) to Fortune.

9      27.   As a direct and proximate result of Defendants' cybersquatting, Fortune
10  is entitled to recover its actual damages, costs of the action and Defendants' profits,
11  or statutory damages under *15 U.S.C. § 1117,* on election by Fortune, in an amount
12  of up to $100,000 per domain name infringement.

13     28.   Upon information and belief, the unlawful acts of Defendant were
14  willful, entitling Plaintiff to treble damages under *15 U.S.C. § 1117.*

15     29.   This is an exceptional case making Plaintiff entitled for an award of
16  attorneys' fees under *15 U.S.C. § 1117.*

17              **SECOND CAUSE OF ACTION**

18                [Federal Trademark Infringement

19                  *15 U.S.C. § 1114(1)*]

20     30.   Fortune incorporates herein by reference the allegations set forth in
21  paragraphs 1 through 29, above, as if they are fully set forth herein.

22     31.   Defendants' registration and commercial use of the Infringing Domain
23  (www.sodashoes.org), as alleged in paragraphs 18-19 and 21-22, above, has infringed
24  on Fortune's rights under its registered SODA® Trademark in violation of *15 U.S.C.*
25  *§ 1114(1),* which prohibits any person from using in commerce any colorable
26  imitation of a registered trademark of another without the registrant's consent in
27  connection with the sale, offering for sale, or advertising of any goods "on or in
28  connection with which such use is likely to cause confusion, or to cause mistake, or

1  to deceive ...”

2      32.    For any of the foregoing violations of *15 U.S.C. § 1114,* Defendants are
3  liable to Fortune for remedies provided in said section, which include injunctive relief
4  and damages for Defendants' willful infringement.

5      33.    As a direct and proximate result of Defendants' infringement on
6  Fortune's SODA® Trademark, Fortune has suffered, and will continue to suffer,
7  monetary damages and injury to the reputation and goodwill of its SODA®
8  Trademarks. As Defendants' infringement of the SODA® Trademark is continuing,
9  remedy at law is inadequate in that Fortune's monetary damages and injury to the
10  reputation and goodwill of its SODA® Trademarks cannot be calculated with
11  reasonable certainty, and, unless Defendants are restrained and enjoined from the acts
12  complained of herein, Fortune will suffer irreparable damage and injury.

13      34.    For any of the foregoing violations of *15 U.S.C. § 1114,* Defendants are
14  liable to Fortune for remedies provided in said section, which include injunctive relief
15  and damages for Defendants' willful infringement.

16      35.    This is an exceptional case making Fortune eligible for an award of
17  attorneys' fees under *15 U.S.C. § 1117.*

18      **THIRD CAUSE OF ACTION**

19  [Federal Unfair Competition - False Designation of Origin

20  *15 U.S.C. § 1125(a)*]

21      36.    Fortune incorporates herein by reference the allegations set forth in
22  paragraphs 1 through 35, above, as if they are fully set forth herein.

23      37.    The nature and probable tendency and effect of Defendants' use of the
24  Infringing Domain (www.sodashoes.org) in the manner as alleged in paragraphs 18-
25  19 and 21-22, above, was to enable Defendants to confuse or deceive the public by
26  creating "initial interest confusion." Such conduct constitutes unfair competition with
27  Fortune under *15 U.S.C. § 1125(a)(1),* which prohibits any person from using in
28  commerce "any word, term, name, symbol, or device, or any combination thereof,"

1  on or in connection with any goods or services which is "likely to cause confusion,
2  or to cause mistake, or to deceive as to the affiliation, connection, or association of
3  such person with another person, or as to the origin, sponsorship, or approval of his
4  or her goods, services, or commercial activities by another person ...".

5      38.   *15 U.S.C. § 1125(a)(1)* further provides for civil liability to any person
6  who is "likely to be damaged" by Defendants' violations of said section.  As a direct
7  and proximate result of Defendants' acts in violation of said section, Fortune is
8  damaged and injured in the manner and extent more specifically alleged in paragraph
9  33, above, and will suffer irreparable damage and injury unless Defendants are
10 restrained and enjoined from their continued violation of said section.

11              **FOURTH CAUSE OF ACTION**
12              [Common Law Trademark Infringement]

13     39.   Fortune incorporates herein by reference the allegations set forth in
14 paragraphs 1 through 38, above, as if they are fully set forth herein.

15     40.   Fortune owns all rights, title, and interest in and to the SODA®
16 Trademark, including all common law rights in such mark.

17     41.   Defendants, without authorization from Fortune, have used and are
18 continuing to use Fortune's SODA® Trademark embodied in the Infringing Domain
19 (www.sodashoes.org) which is confusingly similar to Fortune's SODA® Trademark
20 and identical to Fortune's SODA® Website (www.sodashoes.com), except that
21 Fortune's domain name ends in ".com" and Defendants' domain name ends in ".org."

22     42.   By engaging in the acts alleged in paragraph 18, above, Defendants have
23 intended to cause, have caused and are likely to continue to cause confusion, mistake
24 and deception among consumer, the public, and the trade as to whether the Infringing
25 Domain is affiliated with, sponsored by or endorsed by Fortune.

26     43.   Upon information and belief, Defendants have acted with knowledge of
27 Fortune's ownership of the SODA® Trademarks and with deliberate intention or
28 willful blindness to unfairly benefit from the goodwill symbolized thereby.

44. Defendants' acts constitutes trademark infringement in violation of the common law.

45. Upon information and belief, Defendants have made and will continue to make substantial profit to which it is not in law or equity. Fortune is entitled to recover actual damages, punitive damages, and profit disgorgement as well as injunctive relief to protect the SODA® Trademarks against future harm by Defendants.

## FIFTH CAUSE OF ACTION

[Federal Dilution

*15 U.S.C. § 1125(c)*]

46. Fortune incorporates herein by reference the allegations set forth in paragraphs 1 through 45, above, as if they are fully set forth herein.

47. By engaging in the acts alleged in paragraphs 18-19 and 21-22, above, Defendants have blurred the famousness and distinctiveness of Fortune's SODA® Trademarks resulting in the dilution of the strength of said trademarks in direct violation of the Lanham Act. Said section prohibits any person who, "at any time after the owners mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring ... of the famous mark, regardless of the presence of actual or likely confusion, of competition, or of actual economic injury."

48. As a direct and proximate result of Defendants violation of *15 U.S.C. § 1125(c)*, Fortune is damaged and injured in the manner and extent more specifically alleged in paragraph 33, above. Under said section, Fortune is specifically entitled to an injunction against Defendants.

## JURY DEMAND

49. Fortune hereby seeks a jury trial of all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, Fortune respectfully requests that the Court enter judgment

against Defendants as follows:

    1.     That the Court enter judgment finding that Defendants' conduct has violated the AntiCybersquatting Consumer Protection Act, *15 U.S.C. § 1125(d)*;

    2.     That the Court enter judgment finding that Defendants have infringed Fortune's registered trademark in violation of *15 U.S.C. § 1114*;

    3.     That the Court enter judgment finding that Defendants' actions constitute unfair competition and false designation of origin in violation of *15 U.S.C. § 1125(a)*;

    4.     That the Court order the transfer to Fortune of the Infringing Domain (www.sodashoes.org);

    5.     That the Court issue temporary and permanent injunctive relief against Defendants and that Defendants, their officers, agents, representatives, employees, attorneys, successors, assigns, affiliates and any persons in active concert or participation of any of them, be enjoined and restrained from:

        (a)    Infringing Fortune's SODA® Trademarks;

        (b)    Registering, using, or trafficking in any domain names that are identical or confusingly similar to Fortune's SODA® Trademarks; including but not limited to domain names containing Fortune's SODA® Trademarks;

    6.     That the Court order Defendants to file with the Court and serve on Fortune within thirty (30) days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to *15 U.S.C. § 1116*;

    7.     That the Court order Defendants to account to Fortune for, and disgorge to Fortune, all profits it has derived as a result of the unlawful acts complained of above;

    8.     That the court award Fortune actual damages, trebled under *15 U.S.C. § 1117*, in an amount to be proven at trial or in the alternative statutory damages of $100,000 per domain name, as elected by Fortune;

1       9.    That the Court award Fortune its costs in this action;

2      10.    That the Court find this case to be exceptional and award Fortune its

3 attorneys' fees pursuant to *15 U.S.C. § 1117*; and

4      11.    That the Court grant Fortune all other relief to which it is entitled and

5 such other or additional relief as is just and proper.

6                          Respectfully submitted,

7 Dated: 4/17/13

                           **HUANG, FEDALEN & LIN, LLP**
*A Partnership of Law Corporations*

By: _____

                           James C. Fedalen
                           Angela P. Lin
*Attorneys for Fortune Dynamic, Inc.*

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,331,057

Registered Mar. 21, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## SODA

FORTUNE DYNAMICS, INC. (CALIFORNIA CORPORATION)
17501 ROWLAND STREET
CITY OF INDUSTRY, CA 91748

FOR: SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

SER. NO. 75-506,374, FILED 6-22-1998.

TERRIA HICKS, EXAMINING ATTORNEY

# EXHIBIT B

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 3,531,885
Registered Nov. 11, 2008

### TRADEMARK
#### PRINCIPAL REGISTER



FORTUNE DYNAMIC INC. (CALIFORNIA COR-
PORATION)
21923 FERRERO PKY
CITY OF INDUSTRY, CA 91789

FOR: FOOTWEAR, NAMELY, SHOES, IN CLASS
25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

OWNER OF U.S. REG. NOS. 2,331,057 AND
2,931,439.

THE MARK CONSISTS OF THE WORD "SODA"
WITH A LOOP DESIGN.

SN 77-226,816, FILED 7-11-2007.

KARANENDRA S. CHHINA, EXAMINING ATTOR-
NEY

# EXHIBIT C

Case 2:13-cv-02734-DMG-JEM   Document 1   Filed 04/18/13   Page 19 of 24   Page ID #:34

Soda Shoes - Best prices and offers!                                     Page 1 of 2

# Soda Shoes Online Store

Call Now  1-800-176-1827



Great shoe collection with a huge discount!

## Soda Shoes for sale

It is a fashion brand working since twenty years and keeping the young and trendy women up to date with the fashion. These shoes are always designed  while keeping the present season and latest trends in mind. The brand truly understands the needs and requirements of fashionable and modern women. It offers a wide funtional collection including various types and styles  that will surely please your eyes and of course  you  It has blended three important elements i.e. style  trend and comfort  and has produced the best footwear collection



Faddy Crochet Ballet Flat

Discounted

ORJECT Women's Mock Toms Slip On Canvas  ogn Flats

Discounted

Object Printed Girls Shoes

Discounted

PEEKA T Strap Slingback Platform Wedge Heel Razor

Sale

OBJECT SLIP ON

Discounted

Coralie Ruched Vegan Ballerina Flats

Discounted

um S  elly Colorblock T-Strap Flat Sandal

MOBY Basic Casual Bow Tie Slip On Ballet Flat Shoe

Discounted

| Discounted | Object Glitter Girls Shoes | Show more results! |
| | Discounted | |

Soda Shoes     Brand     More information

We all know that a pair of footwear reflect our personality and most of us are very conscious about shoes. It is good to be conscious about footwear as our over all look is highly influenced by a pair of good shoes. Mostly, people will notice your shoes upon first sight, in your over all look and attire. Therefore, a pair of shoes is an important part of our attire. Today, shoes are required to be trendy and classy. Many brands have emerged that are working in this business and are competing each other in the production of the best shoes. This tells us the importance of shoes, which they have gained in the present era.

Footwear is a need of everyone. No doubt, it has been in use since ancient times but the styles and trends have definitely changed with the passage of time. Soda shoes is a form of latest and modern footwear that are trendy and classy. There is no ambiguity in the high quality and style of these shoes. They are created under expert craftsmanship and with the best material to ensure style and durability. The brand offers a wide collection, which includes all types of shoes. You will find all types of shoes on our website, not only for women but also for men. The women collection includes soda heels, soda flats, soda stilettos, soda wedges, soda comfies, soda boots, soda sandals and many more. No matter, what the occasion is, for which you are buying shoes, you can find any footwear according to it. Every piece is exclusive and unique and you can find any pair that suits your personality.

We provide the best of these shoes at the best prices through our website. Therefore, you do not need to go anywhere; you can simply login to our website and get what you want. There is no need to waste your fuel, time or money. We intend to provide genuine products at most affordable possible prices. We directly purchase the products from Soda and therefore, try to give out at lowest prices. You can survey our website and find the best-suited footwear for you. We guarantee the high quality and originality of our shoes.

We invite you to visit our website if you want to make the best deal. You will never find replica or fake products on our website. It is very important to deal with genuine and authorized retailers or else it can lead you to loss. We are authorized and authentic distributors and have a large number of customers on large scale. Our aim is to provide satisfaction to our customers and give out what they need.

(c) 2013 Great footwear collection / About Us / Privacy Policy / Google

Name & Address:
James C. Fedalen
Huang, Fedalen & Lin, LLP
16633 Ventura Blvd., Suite 1420
Encino, CA 91436

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| FORTUNE DYNAMIC, INC., a California Corporation | CASE NUMBER |
|---|---|
| PLAINTIFF(S) <br> V. <br><br> PROTECTSERVICE, LTD., a corporation; and EVOPLUS, LTD., a corporation; THE PLANET.COM INTERNET SERVICES, INC., a corporation; and HOSTGATOR.COM, LLC, a limited liability co. <br><br> DEFENDANT(S). | **CV13-02734**-DmG(JEm) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within 2̶0̶ ____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _James C. Fedalen_____ , whose address is _16633 Ventura Bl., Suite 1420, Encino, CA 91436_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _April 18, 2013_____        By: _____MARILYN DAVIS_____
                                                        Deputy Clerk

                                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| FORTUNE DYNAMIC, INC., a California corporation | PROTECTSERVICE, LTD., a corporation; and EVOPLUS, LTD., a corporation; THE PLANET.COM INTERNET SERVICES, INC., a corporation; and HOSTGATOR.COM, LLC., a limited liability company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Huang, Fedalen & Lin, LLP<br>16633 Ventura Blvd., Suite 1420<br>Encino, CA 91436<br>(818) 377-9000 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ in excess of $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cybersquatting; Federal Trademark Infringement; Federal Unfair Competition; Common Law Trademark Infringement; Federal Trademark Dilution

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: CV13-02734

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Canada; Great Britain; Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**  _____  DATE: April 17, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV13- 2734 DMG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY